**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PACIFIC FUEL COMPANY LLC, a California limited liability company,**<br><br>    **Plaintiff and Counter-Defendant,**<br><br>    v.<br><br>**SHELL OIL COMPANY, et al.,**<br><br>    **Defendants and Counter-Plaintiffs.**<br><br>**AND RELATED COUNTERCLAIM AND CROSS-CLAIM** | **CASE NO. CV 06-0225-AG(AJWx)**<br><br>**ORDER GRANTING INTERVENORS' MOTION TO INTERVENE AND TO MODIFY BLANKET PROTECTIVE ORDER** |

Before the Court is a Motion to Intervene and to Modify Blanket Protective Order ("Motion") filed by Intervenors Debbie Jo Wales and Allan Johnson (collectively "Intervenors"). After considering all papers and arguments submitted, the Court GRANTS Intervenors' Motion.

**BACKGROUND**

A verdict has already been entered in the matter of *Pacific Fuel v. Shell* ("Pacific Fuel Action"). Intervenors Debbie Jo Wales and Allan Johnson are class representatives in a separate action ("Wales & Johnson Action") against Shell Oil Company ("Shell") currently pending in Los Angeles County Superior Court. The Wales & Johnson Action is a wage and hour class action brought on behalf of all employees who worked at Shell-owned stations in California "from and after" May 20, 2001. (Motion 4:16-18.) The two major claims of the Wales & Johnson Action are that (i) "certain employees, primarily site managers, were misclassified as exempt and improperly denied overtime and the other benefits" and (ii) "most non-exempt employees were denied off-duty meal periods and not paid the additional compensation required by the California Labor Code and applicable Wage Order." (Motion 4:22-25, 5:1.) Intervenors believe that Pacific Fuel employees are part of the putative class. (Motion 5:1-2.) Shell is a common defendant to the Wales & Johnson Action and the Pacific Fuel Action, and Intervenors allege that certain issues in the two cases overlap. (Motion 4:9-11.) Intervenors now seek to intervene in the Pacific Fuel Action under Federal Rule of Civil Procedure 24 for the limited purpose of seeking a modification of this Court's blanket protective order concerning confidential information ("Protective Order"), entered on June 14, 2007. Intervenors seek to modify the Protective Order so they may obtain discovery from Pacific Fuel without risking a violation of this Court's Protective Order. (Motion 4:6-9.) As there is currently a blanket protective order in effect in the Wales & Johnson Action (Motion Ex. 3), Intervenors allege that Pacific Fuel and Shell would be provided "virtually the same protection against improper use of Confidential Material" that is provided by the current Protective Order. (Motion 4:12-14.)

Specifically, Intervenors seek an order modifying the Protective Order as follows:

A. Permitting Leighton Hull of Plaintiff Pacific Fuel and/or counsel for Pacific Fuel to disclose to Intervenors and their counsel the contents of documents and testimony covered by the Protective Order and deeming Intervenors and their counsel "Qualified Persons" as defined in the Protective Order;

2

|   |   |   |
|---|---|---|
| 1 | B. | Permitting Pacific Fuel, pursuant to subpoena issued in the Wales & Johnson Action, access to information and documents covered by the Protective Order without such production violating that Protective Order, without prejudice to Pacific Fuel or any party in the Wales & Johnson Action designating such documents as covered by the protective order issued in the Wales & Johnson Action but otherwise removing such documents from coverage under the Pacific Fuel protective order; |
| 2 | C. | Permitting representatives of Pacific Fuel, including Leighton Hull, to provide testimony in the Wales & Johnson Action, which discloses the contents of "Confidential Material" as defined in the Protective Order without such testimony violating that Protective Order, without prejudice to Pacific Fuel or any party in the Wales & Johnson Action designating such testimony as covered by the protective order issued in the Wales & Johnson Action but otherwise removing such testimony from coverage under the Pacific Fuel Protective Order; and |
| 3 | D. | Ordering Pacific Fuel to retain and not return or destroy documents, including electronic documents, covered by the Pacific Fuel Protective Order, pending consent of Intervenors or further order of this Court. |

(Motion 2:9-28, 3:1-5.) Defendants argue that such modifications are inappropriate and that the Protective Order should remain in force.

**LEGAL STANDARD**

The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (*citing Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992), *cert. denied*, 506 U.S. 868). *Foltz* holds that "[w]here reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral

3

litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted." *Foltz*, 331 F.3d at 1132 (*citing Beckman*, 966 F.2d at 475; *Olympic Refining Co. v. Carter*, 332 F.2d 260, 265-66 (9th Cir. 1964)).

A court should not grant a collateral litigant's request for modification of a protective order automatically, however. The collateral litigant must first demonstrate the relevance of the protected discovery to the collateral proceedings. *Foltz*, 331 F.3d at 1132. The district court need only make a "rough estimate" of relevance, and the collateral litigant need not obtain a relevance determination from the court overseeing the collateral litigation prior to requesting the modification. *Foltz*, 331 F.3d at 1132-33. The court must also weigh "the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Foltz*, 331 F.3d at 1133. When the collateral litigant is seeking modification of a blanket protective order, reliance of the party opposing modification will be considerably less, as the blanket order is by its very nature "overinclusive." *Id.*; *Beckman*, 966 F.2d at 475. Thus, reliance on a blanket protective order, without more, does not justify a refusal to modify. *Foltz*, 331 F.3d at 1133. "[A]ny legitimate interest . . . in continued secrecy as against the public at large can be accommodated by placing [the collateral litigants] under the same restrictions on use and disclosure contained in the original protective order." *Id.* (*quoting United Nuclear Corp. v. Cranford Ins. Co*, 905 F.2d 1424, 1426 (10th Cir. 1990). If the district court does modify its protective order, it does not decide whether the collateral litigants will ultimately obtain the discovery materials. *Id.* That determination must be made by the court overseeing the collateral matter. *Id.*

## **ANALYSIS**

Defendants argue that Intervenors' Motion should be denied because: (1) Intervenors have failed to show that the Wales & Johnson Action has a "sufficient nexus" to the Pacific Fuel Action; (2) the discovery must be authorized as relevant and discoverable by the court presiding

4

over the Wales & Johnson Action; and (3) the request for information must be "carefully drawn to identify categories or types of materials that the state court has determined relevant to the wage and hour case, and which can be produced from this case with the least interference to the Protective Order here." (Defendants' Opposition to Motion to Intervene ("Opposition"), 1:23-26.) The Court disagrees with Defendants on all three points.

First, under *Foltz*, this Court need only make a "rough estimate" of the relevancy of the Wales & Johnson Action to the Pacific Fuel Action. This relevance determination hinges on "the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." *Foltz*, 331 F.3d at 1131 (*quoting* Laurie K. Dore, *Secrecy by Consent: The Use and Limits of Confidentiality in the Pursuit of Settlement*, 74 Notre Dame L. Rev. 283, 366-67 (1999)). Here, Shell is a common defendant to both actions. Intervenors allege that Shell "directly or indirectly controlled wages" of employee class members by "its unilateral determination of the amount Shell would pay the operators for selling Shell's motor fuel products and the amount the operators would pay Shell for rent under its form CORO [Contract Operated Retail Outlet] and MSO [Multi-Site Operator] contracts." (Motion 5:8-14.) Intervenors believe that Shell's compensation determinations precluded its operators from complying with California labor laws and still turning a profit. (Motion 5:15-17.) Additionally, Intervenors allege that some Shell witnesses deposed and sought to be deposed in the Wales & Johnson Action were deposed in the Pacific Fuel Action. (Motion 5:22-23.) Based on these facts, Intervenors believe that discovery marshaled in the Pacific Fuel Action would be relevant in the Wales & Johnson Action. The Court agrees. The Pacific Fuel Action centered around contracts between Shell and its operators, and the discovery obtained by Pacific Fuel will certainly shed some light on Shell's compensation policies.

Defendant's second argument is simply wrong. *Foltz,* 331 F.3d at 1132, explains that "[n]o circuits require the collateral litigant to obtain a relevance determination from the court overseeing the collateral litigation prior to requesting the modification of a protective order from the court that issued the order." Under *Foltz*, "[t]he court that issued the order is in the best position to make the relevance assessment for it presumably is the only court familiar with the

contents of the protected discovery." *Id.* Intervenors need not seek authorization from the court presiding over the Wales & Johnson Action prior to requesting modification by this Court. Instead, once modification is granted by this Court, the Wales & Johnson court will determine the ultimate discoverability of the specific materials covered by the protective order. Intervenors thus cannot use the sought-after modification to evade discovery limitations set by the court handling the Wales & Johnson Action. "Allowing the parties to the collateral litigation to raise specific relevance and privilege objections to the production of any otherwise properly protected materials in the collateral courts further serves to prevent the subversion of limitations on discovery in the collateral proceedings." *Foltz*, 331 F.3d at 1133.

Finally, Intervenors need not specify at this point which materials provide relevant information and avoid duplicative discovery in the Wales & Johnson Action. Granting Intervenors' Motion simply allows Intervenors to determine, with the assistance of Pacific Fuel, the contents of the items covered by the protective order. Once Intervenors have ascertained exactly which materials are relevant, they will then subpoena these materials from Pacific Fuel.

The Court finds that the discovery marshaled in the Pacific Fuel Action is sufficiently relevant to the discovery sought in the Wales & Johnson Action. Given the Ninth Circuit's strong presumption in favor of avoiding duplicative discovery, the Court finds that modification of the blanket order is appropriate.

**DISPOSITION**

Intervenors' Motion is GRANTED.

IT IS SO ORDERED.
DATED: September 22, 2008

_____
Andrew J. Guilford
United States District Judge

6