GREENSFELDER, HEMKER & GALE, P.C.
David M. Harris (Mo. Bar No. 32330) (*pro hac vice*)
Dawn M. Johnson (Mo. Bar No. 41991) (*pro hac vice*)
Michelle M. Drake (Mo. Bar No. 46452) (*pro hac vice*)
Abby L. Risner (Mo. Bar No. 57999) (*pro hac vice*)
2000 Equitable Building
10 South Broadway
St. Louis, MO 63102
Telephone: (314) 241-9090
Facsimile: (314) 345-5465
alr@greensfelder.com

Quinn Emanuel Urquhart Oliver & Hedges, LLP
Aaron Craig (Bar No. 204741)
aaroncraig@quinnemanuel.com
865 South Figueroa Street 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendants
Equilon Enterprises LLC and Shell Oil Company

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
JUL 27 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| PACIFIC FUEL COMPANY LLC, a California Limited Liability Company,<br><br>Plaintiff,<br>Counter-defendant,<br><br>vs.<br><br>SHELL OIL COMPANY, a Delaware Corporation, and EQUILON ENTERPRISES LLC, a Delaware Limited Liability Company,<br><br>Defendants,<br>Counter-plaintiffs. | Case No.: CV 06-0225 AG (AJWx)<br><br>JOINT STIPULATION FOR MODIFICATION OF PROTECTIVE ORDER and Order<br><br>Discovery Cut-Off: October 29, 2007<br>Pretrial Conference: January 23, 2008<br>Trial Date: February 19, 2008 |

Plaintiff Pacific Fuel Company, LLC ("Plaintiff") and Defendants Shell Oil Company, LLC and Equilon Enterprises LLC (collectively "Defendants"), through their undersigned counsel, have agreed to the following Joint Stipulation regarding modification of the Protective Order:

1. Plaintiff and Defendants stipulate that Waldemar J. Wojcik, the duly appointed bankruptcy trustee of the Armbruster Energy Enterprises, LLC, and Jeffrey and Lee Armbruster, plaintiffs in the case captioned <u>Waldemar J. Wojcik, Trustee of the Bankruptcy Estate of Armbruster Energy Enterprises, LLC v. Shell Oil Company, et al.</u>, Case No. 1:08-CV-1807, filed in the United States District Court, Northern District of Ohio (the "Armbruster Litigation") may have access to certain materials, specified below, subject to a separate Protective Order entered in the Armbruster Litigation, a copy of which is attached hereto and that the Protective Order entered in this case shall be deemed modified to permit said access.

2. The materials produced by Defendants to the plaintiffs in the Armburster Litigation from this case will be treated the same as other discovery produced by Defendants in the Armbruster Litigation, governed by the Federal Rules of Civil Procedure and applicable law.

3. Within 10 days of the approval by the Court of this Stipulation, Defendants will produce to Armbruster copies of the transcripts and all related exhibits of the following depositions taken in the present case:

    a. Richelle Broussard aka Gayla Richelle Broussard

1.     b.     Allen Girndt
2.     c.     Barbara Stoyko
3.     d.     Rhonda Dunn
4.     e.     Steven Montgomery
5.     f.     Donna Smith
6.     g.     Larry Burch
7.     h.     Frank McLaughlin
8.     i.     Todd Jackson
9.     j.     Dave Burrow
10.     k.     Carolyn Gomez

4. In addition to the above transcripts and related exhibits, the parties do stipulate that the Defendants may produce any other documents and materials that are covered by the Protective Order in this case as the litigants may agree in the Armbruster Litigation or as may otherwise be ordered to be produced by the United States District Court for the Northern District of Ohio.

5. Defendants' production of the aforementioned documents to the plaintiffs in the Armbruster Litigation does not constitute a waiver of any relevance or other objections, and any such dispute shall be determined by the United States District Court for the Northern District of Ohio.

Respectfully submitted,

Dated: July 21, 2009     By: _Emil W. [signature]_

Emil W. Herich, Esq.
Keats McFarland & Wilson, LLP
Attorneys for *Plaintiff*
PACIFIC FUEL COMPANY, LLC
and for *Cross-Defendant* Leighton Hull

Dated: July 22, 2009    By: /s/ Abby L. Risner
Abby L. Risner, Esq.
Greensfelder, Hemker & Gale PC
Attorneys for *Defendants* SHELL OIL COMPANY, and EQUILON ENTERPRISES LLC

## ORDER

IT IS SO ORDERED:

Dated: July 27, 2010    By: /s/
UNITED STATES DISTRICT JUDGE

BY SIGNING THIS ORDER, THE COURT IS <u>NOT</u> APPROVING ANY EXISTING LIMITATIONS ON ACCESS TO DOCUMENTS, OTHER THAN WHAT IS STATED HERE.

# DECLARATION OF SERVICE

*Pacific Fuel Company, LLC v. Shell Oil Company, et al.*
*U.S.D.C., Central Dist. of California, Case No.: CV-006-0225 AG (AJWx)*

I, the undersigned say:

I am and was at all times herein mentioned a resident of the County of Saint Louis, Missouri, over the age of eighteen (18) years and not a party to the within action or proceeding. My business address is 2000 Equitable Building, 10 South Broadway, St. Louis, Missouri 63102, and I am employed in the offices of Greensfelder, Hemker & Gale, P.C. and am admitted to this Court for purposes of this case.

I hereby certify that on July 22, 2009, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Emil W. Herich, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, California 90212
Tel: (310) 248-3830

C. William Kircher, Jr., Esq.
Law Offices of C. William Kircher
19200 Van Karmon Ave., Suite 900
Irvine, CA 92612
Tel: (949) 474-2310
Fax: (949) 720-8752

Frederick K. Starrett
Jeffrey R. King
Lathrop & Gage L.C.
10851 Mastin Boulevard
Building 82, Suite 1000
Overland Park, Kansas 66210-1669
Tel: (913) 451-5102
Fax: (913) 451-0875

Executed on July 22, 2009, at St. Louis, Missouri

/s/ Abby L. Risner
Abby L. Risner

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WALDEMAR J. WOJCIK, Trustee of the Bankruptcy estate of Armbruster Energy Enterprises, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SHELL OIL COMPANY, et al., <br><br> Defendants. | CASE NO. 1:08-CV-1807 <br><br> Judge Solomon Oliver Jr. <br><br> **STIPULATED PROTECTIVE ORDER** |

The Parties to this Stipulated Protective Order have agreed to the terms of this Order, accordingly, it is ORDERED:

1. All materials and copies, transcriptions, or other reproductions of materials produced in this action pursuant to the discovery provisions of the Federal Rules of Civil Procedure, an order of this Court, or otherwise (collectively "materials"), which are designated as "confidential" or "highly confidential" under the terms hereof, shall be subject to the provisions of this Protective Order.

   (a) **Confidential Materials**. Discovery materials produced in this action by any party or non-party which contain or disclose information alleged to be of a confidential nature, including,

but not limited to, documents alleged to be commercially sensitive or proprietary, may be designated by the producing party or non-party as "confidential." In agreeing that parties and non-parties may designate discovery material as "confidential," in the first instance, the parties do not endorse the propriety of any such designation and reserve all rights to challenge any such designation in accordance with paragraph 4 of this Protective Order by appropriate application to the Court.

(b) **Highly Confidential Materials**. Confidential discovery materials produced in this action by any party or non-party may be designated by the producing party or non-party as "highly confidential" when the disclosure of the confidential discovery materials to a party or non-party could compromise, impair or destroy the commercial and proprietary value of such information or the privacy rights that attach to it. By way of example only, "highly confidential" materials shall include but not be limited to: (i) the MSO model and related documents; (ii) business strategies and planning; (iii) marketing strategies and planning; and (iv) Defendants' cost, expense, profitability, and capital investment information. In agreeing that parties and non-parties may designate discovery materials as "highly confidential," in the first instance, the parties do not endorse the propriety of any such designation and reserve all rights to challenge any such designation in accordance with paragraph 4 of the Order by appropriate application to the Court.

2. Any party to this action and counsel for any party to this action may designate as "confidential" or "highly confidential" any materials produced in this action which contain, describe, evidence, identify, or refer to information of a confidential or proprietary nature by, prior to production of such materials, stamping such materials "confidential" or "highly confidential." The initial failure to designate information in accordance with this Protective

Order shall not preclude the producing party at a later date from designating in good faith any information as "confidential" or "highly confidential" which it inadvertently failed to so designate previously. Except where expressly stated otherwise herein, documents designated as "highly confidential" shall be treated as "confidential" for all purposes of this Protective Order. Counsel for a party to this action may challenge the designation of any materials as "confidential" and "highly confidential" by the procedure designated in paragraph 4 herein.

3. Materials and the contents of materials designated "confidential" or "highly confidential" shall be used for purposes of this action only and for no other purpose, and shall not, without leave of this Court, be disclosed to any person or entity other than this Court (under seal), and the parties in this action who have executed the attached undertaking, and counsel of record for the parties in this action who have executed the attached undertaking (Exhibit A hereto). Prohibited use of materials and the contents of materials marked "confidential" or "highly confidential" shall be broadly construed and includes, but is not limited to, direct or indirect contact with the media, public comment or discussion of any kind or type on the materials, use of the materials (or the information contained therein) during or in furtherance of the solicitation of clients for this case or other cases, and use of the materials (or the information contained therein) in any other case or court proceeding.

b. Submission to this Court of materials or the contents of materials designated "confidential" shall not constitute a violation of, or a waiver of, the protections afforded by this Protective Order to the materials or contents of the materials so submitted.

c. The disclosure by counsel for a party to this action of materials or the contents of materials designated "confidential" to other counsel, to paralegals, and to clerical staff employed in the disclosing counsel's office (or in the offices of his co-counsel) shall not constitute a

violation of, or a waiver of, the protections afforded by this Protective Order to the materials or contents of the materials so disclosed, provided said counsel shall have any such person read, sign and agree to be bound by the terms of this Protective Order as specified below at paragraph 3(g).

 d. The disclosure by counsel for a party to this action of materials or the contents of materials designated "confidential" to experts, consultants, or vendors who are employed by such counsel shall not constitute a violation of, or a waiver of, the protections afforded by this Protective Order to the materials or contents of the materials so disclosed, provided said counsel shall have any such expert, consultant, or vendor read, sign and agree to be bound by the terms of this Protective Order as specified below at paragraph 3(g).

 e. In addition to the restrictions upon use of and access to such materials that other provisions of this Protective Order impose, "highly confidential" materials shall not be disclosed to anyone other than (i) in-house or outside counsel for a party who have signed the attached undertaking (Exhibit A hereto), (ii) experts retained by a party who have signed the attached undertaking (Exhibit A hereto) and for whom the requirements in paragraph 3(f) have been met, (iii) a witness at any deposition or other proceeding in this action, provided that witnesses who are not employees or former employees of the party designating the document agrees to be bound by this Protective Order; (iv) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action, which for Plaintiffs is stipulated to be Jeffry Armbruster, Lee Armbruster, and Waldemar J. Wojcik, and for Shell it is stipulated to be its in-house counsel and management responsible for this matter; (v) the Court, provided that such materials are filed under seal; or (vi) any other person as to whom the parties agree in writing.

f. Any Party who retains an expert who currently is or who has been a competitor of Defendants in the past five years involved in the marketing and sale of motor fuel, or is a present or former jobber in the past five years of Defendants or any of Defendants' predecessor or successor companies, or who has or had a business relationship or employment with a competitor of Defendants, shall provide notice to opposing counsel at least seven (7) business days before disclosing to such expert any materials marked confidential or highly confidential. Opposing counsel shall then have an opportunity to challenge the disclosure of such documents to the expert by promptly filing a motion with the Court. As used in this subparagraph, the term "jobber" shall mean a wholesaler involved in the marketing, distribution and sale of motor fuel.

g. In no event shall any materials marked "confidential" or "highly confidential" and produced subject to this Protective Order be disclosed to any person other than those who sign the attached undertaking (Exhibit A hereto) in advance of any disclosure to such person. Counsel for the party that supplies such materials shall be responsible for first obtaining and maintaining the undertaking. Counsel for any party shall have the right to a copy of executed undertakings upon making a reasonable written request to another party, except for consulting experts and with respect to testifying experts only after the time for disclosure of such experts has been triggered under the scheduling order for this case. All parties to this action and anyone executing the attached undertaking (Exhibit A hereto) consent to the jurisdiction of this Court, and to venue in this Court, even after final adjudication, including settlement or other disposition, of this case to enforce the Protective Order, to punish disobedience of the Protective Order, and to decide all issues involving the Protective Order, even if he or she resides or is employed outside the State of Ohio.

4. In the event that counsel for a party to this action desires to disclose materials or the contents of materials designated "confidential" or "highly confidential" to any person or entity other than those described in Paragraph 3 above, or in the event that counsel for a party disputes the appropriateness of a designation of materials as "confidential" or "highly confidential," that counsel shall first make a written request to counsel for the party which produced such materials for permission to disclose such materials or the contents of such materials, which written request shall identify the Bates number of the documents for which such disclosure is sought and set forth with specificity the identity of the person, groups of persons (including the Plaintiffs) or entity for whom such permission to disclose is sought. Such permission shall not be unreasonably withheld.

a. In the event permission to disclose materials or the contents of materials designated "confidential" or "highly confidential" to persons or entities other than those described in Paragraph 3 above is not granted within five (5) business days, counsel desiring such disclosure may make written application to this Court for an Order permitting such disclosure subject to any terms and conditions the Court deems appropriate, which application (filed under seal) shall describe with specificity the materials for which such waiver has been sought (unless it is being sought for all "confidential" or "highly confidential" materials), the identity of the person or entity for whom such permission to disclose is sought, and any and all grounds or bases for the request.

b. Upon written request of counsel for a party to this action, the other party's counsel shall promptly provide a written list of all persons or entities other than those described in Paragraph 3 above to whom or to which materials or the contents of materials designated "confidential" have been disclosed, and a copy of the undertaking executed by each such person.

c. In the event a party disagrees with the "confidential" or "highly confidential" designation, it shall first attempt to resolve the dispute through good faith negotiation with the designating party or non-party. If the matter cannot be resolved, the party disputing the designation may challenge it by motion to the Court. The party making the designation shall have the burden to establish that its designation is supported by good cause.

5. Attendance at depositions taken in this action at which materials or the contents of materials designated "confidential" or "highly confidential" are identified, discussed, or disclosed shall be limited to the parties, counsel for the parties to this action, including other counsel, paralegals, and clerical staff employed in his or her office, the court reporter, the witness, counsel for the witness, and any experts or consultants who are employed by the parties or their counsel, provided such persons have duly executed the undertaking attached as Exhibit A.

a. In the event materials or the contents of materials designated "confidential" are to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity other than those described in Paragraph 3 above, the deponent shall be required to acknowledge the request of the party seeking protection under this Protective Order on the record that he or she has been advised of and has agreed to be bound by the terms of this Protective Order.

b. Within 10 days of receipt of the transcript of a deposition by the parties (or within 10 days of the entry of this Protective Order for depositions which occurred prior to the execution of this document), any party may designate as "confidential" or "highly confidential" any portion of the deposition in which materials or the contents of materials designated as "confidential" or "highly confidential" are discussed or disclosed. These designations must specifically identify the page and line number of the transcript on which the disclosure or discussion of "confidential"

or "highly confidential" information begins and the precise page and line number of the transcript on which it ends. Only the specific transcript sections so identified will receive "confidential" or "highly confidential" protection.

c. No deposition transcript portion designated as "confidential" or "highly confidential" shall be disclosed to any person or entity except as is provided in this Protective Order.

7. This Protective Order fully incorporates and applies all of the confidentiality provisions set forth in the MSO Agreements and the related leases between the parties; provided, however, that in the event there is a conflict between this Protective Order and such confidentiality provisions, then the terms of this Protective Order are controlling.

8. In the event materials designated "confidential" or "highly confidential", or transcripts or other things wherein materials or the contents of materials designated "confidential" or "highly confidential" are disclosed are deposited with the Clerk of the Court or Clerk for the Judge handling this matter, such materials, portions of transcripts, or other things shall be filed in a sealed envelope bearing the following designation when deposited:

> **CONFIDENTIAL**
>
> **THE CONTENTS OF THIS ENVELOPE ARE SUBJECT TO A PROTECTIVE ORDER OF THIS COURT AND MUST NOT BE SHOWN TO ANY PERSONS OTHER THAN A JUDGE OF THIS COURT, AN ATTORNEY IN THIS CASE, OR OTHER PERSON(S) SPECIFICALLY ALLOWED ACCESS TO CONFIDENTIAL MATERIALS UNDER THE PROTECTIVE ORDER.**

Direct or indirect reference to the existence of, but not the disclosure of the contents of, materials designated "confidential" or "highly confidential" alone shall not constitute a violation of, or a waiver of, the protections afforded by this Protective Order to the materials or contents of the materials so submitted.

9. Counsel for a party to this action shall not, in the presence of the jury, comment on the reasons or motivation for designating materials "confidential" or "highly confidential" without first having obtained permission of the Court to do so.

10. This Protective Order, to the extent it restricts the depositing, disclosure, discussion, identification, and use of materials and the contents of materials designated "confidential," or "highly confidential" shall be binding throughout and after final adjudication of this action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs. Within sixty (60) days after final adjudication to this action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs or final settlement of this action, the Clerk of this Court shall return under seal all materials designated "confidential," including without limitation, all transcripts or other things wherein materials or the contents of materials designated "confidential" or "highly confidential" are identified, discussed, disclosed, or otherwise used, to counsel for the party who produced the materials. Within (60) days after final adjudication to this action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs, or final settlement of this action, all counsel for all parties shall return to all opposing parties all materials produced by said opposing parties, and all copies of such materials, that are designated as "confidential" or "highly confidential."

11. Nothing in this Protective Order shall be construed to preclude the party producing any materials designated "confidential" from seeking additional protection for such materials or the contents of such materials. Likewise, nothing in this Protective Order shall prejudice the right of any party to seek relief from or modification to the requirements of this Order for any purpose deemed sufficient by the Court for seeking such relief or modification.

12. Any non-party producing documents pursuant to subpoena may receive the benefits of and be bound by the terms of this Protective Order by stipulating assent thereto in a writing addressed to counsel for the parties.

13. Nothing in this Protective Order shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment, or decree of whatever description.

14. The parties shall Bates-label all documents that are copied and produced to each other in this matter.

**SO ORDERED:**

Dated: 7/13/2009

/s/SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

WE SO MOVE/STIPULATE
and agree to be bound by the
terms of this ORDER:

/s/ *John K. Lind*
John K. Lind (#0052247)
1422 Euclid Avenue
Suite 1040
Cleveland, Ohio 44115
(216) 583-9490 office
(216) 583-0045 fax
johnlindattorney@hotmail.com
*Counsel for Plaintiff Waldemar J. Wojcik*

/s/ *Joseph R. Spoonster*
Joseph R. Spoonster (#0070863)
FORTNEY & KLINGSHIRN
4040 Embassy Parkway, Suite 280
Akron, OH 44333

(330) 665-5445
(330) 665-5446 fax
jspoonster@fklaborlaw.com
*Attorneys for Plaintiffs*
*Jeffry and Lee Armbruster*


/s/ Kerin Lyn Kaminski
Kerin Lyn Kaminski (#0013522)
GIFFEN & KAMINSKI, LLC
1717 East Ninth Street – Suite 2100
Cleveland, OH 44114
Telephone: 216-621-5161
Telecopier: 216-621-2399
kkaminski@thinkgk.com


/s/ Mark A. Robertson
Mark A. Robertson, Esq.
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, NY 10103
Telephone: 212-318-3000
Telecopier: 212-318-3400
mrobertson@fulbright.com

*Attorneys for Defendants Shell Oil Company*
*and Equilon Enterprises LLC d/b/a*
*Shell Oil Products US*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| WALDEMAR J. WOJCIK, Trustee of the Bankruptcy estate of Armbruster Energy Enterprises, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SHELL OIL COMPANY, et al., <br><br> Defendants. | CASE NO. 1:08-CV-1807 <br><br> Judge Solomon Oliver Jr. |

**AFFIDAVIT OF** _____

_____, being duly sworn, states:

1. That he/she resides at _____ in the City/County of _____ and State of _____. That he/she is an employee of _____.

2  That he/she has read the Protective Order governing Confidential Discovery Material dated _____, _____, in *Wojcik, et al. v. Shell Oil Company, et al.*, Case No. 1:08-CV-1807 in the United States District Court for the Northern District of Ohio.

3. That he/she is familiar with, understands and agrees to comply with and be bound by the terms of the Protective Order.

4. That he/she will not disclose to persons other than those specifically authorized by the Protective Order, and will not copy or use except for the purposes of this litigation as defined in the Protective Order, any documents or information obtained pursuant to said Order, and

5. That he/she consents to the jurisdiction of the United States District Court for the Northern District of Ohio, and to venue in that Court, even after final adjudication, including

settlement or other disposition, of this case, to enforce the Protective Order, to punish disobedience of the Protective Order, and to decide all issues involving the Protective Order, even if he/she resides or is employed outside the State of Ohio.

_____
(signature)

_____
(printed name)

_____
(title/position)

SWORN TO BEFORE ME and subscribed in my presence this \_\_\_\_ day of _____, 200\_\_.

_____
Notary Public